Opinion filed December 17, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed December 17,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00067-CR

                                                    __________

 

                              TERRENCE QUINCY WELLS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 132nd District Court

 

                                                          Scurry
County, Texas

 

                                                     Trial
Court Cause No. 9302

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Terrence Quincy Wells of the offense of burglary of a habitation
and assessed punishment at confinement for ten years and a fine of $10,000.  We
affirm.  








In
his sole issue on appeal, appellant contends that the evidence is both legally
and factually insufficient to show that he committed the offense.  We will
apply the following well-recognized standards of review to appellant=s sufficiency challenges. 
To determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, we must review all of the evidence in a
neutral light and determine whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App.
2006); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  

The
record shows that 79-year-old Aline Parks lived alone in a house next to the
37th Street Church of Christ Family Center.  After having been out of town,
Parks returned to her home on April 15, 2007, to find that it had been
burglarized.  Someone had broken the glass on the back door and had rummaged
through Parks=s house
and belongings.  A laptop computer and four rings had been stolen from her
home.

One
of the rings was subsequently found at a local pawn shop by Sergeant Kyle Burleson
of the Snyder Police Department during a routine check of pawn tickets. 
Sergeant Burleson testified that the description on the pawn ticket was similar
to the description that Parks had given him of one of her rings.  Parks came to
the pawn shop and identified the ring as one of the rings that had been stolen
from her house.  The ring had been pawned on April 17, 2007, by appellant.

Appellant
admitted pawning the ring, but he claimed that he found the ring on the ground
outside a bowling alley.  Appellant testified that, as he was arriving at the
bowling alley, he saw M.R.F. and another boy playing catch with the ring.  One
of the boys overthrew it, and they apparently could not find it.  Appellant,
having seen where it landed, retrieved the ring later as he was leaving the
bowling alley.








M.R.F.,
who was eleven years old at the time of the offense, testified about his
involvement in the burglary.  He and a group of boys, including E.F., were
walking around town when they met up with appellant.  M.R.F. and appellant left
the group by a dumpster near the church and walked across the street to Parks=s house.  M.R.F. testified
that appellant kicked the back door and went into the house while M.R.F. stood
outside Awatching out@ for police.  When
appellant came back outside, he had four rings and a laptop.  He offered one of
the rings to M.R.F. and E.F.  They declined, and appellant warned them not to
say anything.  M.R.F. identified the ring that was subsequently found at the
pawn shop as one of the rings that appellant had stolen from the house.

At
trial, M.R.F. admitted being a Alookout@ for appellant and
testified that, at the time of trial, he was Alocked
up@ for his part in
the burglary.  M.R.F. had previously denied participating in the burglary and
had told Sergeant Burleson that he stayed with the group of boys that stood by
the dumpster.

E.F.,
who was fourteen years old at the time of the offense, testified that he and a
group of friends went walking around town with appellant.  When they got to the
Church of Christ, appellant told them to wait by the dumpster.  Being curious,
E.F. walked over to see what appellant was doing.  He saw appellant kick in a
door at Parks=s house
and go inside.  E.F. went back to the group, which subsequently fled upon
hearing a siren.  E.F. testified that appellant  came to his house later and
had a laptop computer and some rings.  E.F. identified the ring that had been
recovered from the pawn shop as one of the rings.  He also testified that
appellant offered him one of the rings and threatened to beat him up if he Asnitch[ed].@

At
trial, E.F. testified that his friend M.R.F. had acted as a Alookout@ for appellant.  E.F.
testified that, in an attempt to protect M.R.F., he had lied to Sergeant
Burleson when he told him that another boy acted as the lookout.

A
friend of appellant=s,
Cord Lane Welsh, testified that appellant had asked him for a ride to the pawn
shop.  Welsh drove appellant to the pawn shop, where he pawned a ring. 
Appellant told Welsh that the ring came from his mother or grandmother; Welsh
could not remember which.  Welsh identified the ring that Sergeant Burleson had
recovered as the one that appellant had pawned.

After
reviewing all of the evidence, we hold that it is both legally and factually
sufficient to support the jury=s
verdict.  The jury, as the trier of fact, was the sole judge of the credibility
of the witnesses and of the weight to be given to their testimony.  Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).  As such, the jury was free to believe
or disbelieve all or any part of any witness=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
It was within the jury=s
prerogative to believe the testimony of M.R.F. and E.F. that appellant
committed the burglary and disbelieve appellant=s
testimony that he found the ring by the bowling alley.  Appellant=s issue is overruled.  








The
judgment of the trial court is affirmed.  

 

 

TERRY McCALL

JUSTICE

 

December 17,
2009

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.